## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSHUA ZAMBRANO, individually and on behalf of all others similarly situated, <br><br>                 Plaintiff, <br><br>    v. <br><br> WANDERU, INC., <br><br>                 Defendant. | Civil Action No.:  1:25-cv-23565 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Joshua Zambrano ("Plaintiff") brings this action on behalf of himself, and all others similarly situated against Wanderu, Inc. ("Defendant").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

### NATURE OF THE ACTION

1.      This is a class action on behalf of all persons that purchased tickets from Defendant Wanderu, Inc.'s website for transportation to, from, or within the State of Florida.

2.      For years, Defendant has overcharging customers on its website in violation of the Florida Deceptive and Unfair Trade Practices Act.  Under Florida law, "[a] person or entity that offers for resale or resells any ticket may charge only $1 above the admission price charged therefor by the original ticket seller of the ticket for the following transactions: (a) Passage or accommodations on any common carrier in this state. However, this paragraph does not apply to travel agencies that have an established place of business in this state and are required to pay state, county, and city occupational license taxes."  Fla. Stat. Ann. § 817.36(1)(a) (emphasis added).

3.      Wanderu is subject to this law and yet it charges more than $1.00 in hidden fees anyway. Wanderu resells tickets on buses and trains that ride through the state of Florida. Buses and trains are "common carriers." Wanderu is not a "travel agenc[y] that ha[s] an established place of business in this state." Whenever a consumer visits https://www.wanderu.com  to buy a bus or train ticket that passes through the state of Florida, Wanderu charges fees to resell tickets from other which ranging from $3.00 to $5.00. Wanderu is thus violating Section 817.36.

4.      To make matters worse, Wanderu deceptively masks these unlawfully inflated fees under the label "Taxes & Fees," even though, by all indication, *no taxes are charged at all*. In other words, the three to five dollars it quotes to consumers for "Taxes & Fees" go to Defendant's coffers. Indeed, if the consumer visits the common carrier website directly and tries to buy the *very same ticket* for the *very same date and time*, he or she is quoted admission ticket prices which *do not* include any of Wanderu's "Taxes & Fees."

5.       Worse still, Wanderu, never gives consumers a breakdown of how much of the three to five dollars is taxes and how much is fees. Instead, if users click the "i" information icon next to that line item charge, Wanderu even misleadingly implies that the fees it charges are the carrier's fees. But they are not. Many common carriers do not charge fees. And even for the common carriers that *do* charge fees, Wanderu hides those fees into the admission price of the ticket, and then charges its on fees *on top*. In other words

6.      This all violates Florida's Deceptive and Unfair Trade Practices Act, which prohibits "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. Ann. § 501.204(1).

7.      Wanderu's practice of charging over $1.00 in resale fees is a *per se* violation of FDUPTA. The FDUTPA provides that a violation may be based upon "any

law, statute, rule, regulation, or ordinance" which proscribes such conduct in trade or commerce. Fla. Stat. Ann. § 501.203(3)(c).  And here the violation is based on Florida Statute  § 817.36(1)(a), which, as noted, says "[a] person or entity that offers for resale or resells any ticket <u>may charge only $1 above</u> the admission price charged … for … [p]assage or accommodations on any common carrier in this state."

8.      Wanderu's other practice of hiding its fees in a "taxes & fees" line-item is also independently a deceptive trade practice under FDUPTA, as other courts applying similar consumer protection laws have held. *See, e.g.*, *Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 842 (E.D. Cal. 2024); *Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 1443767, at *4 (C.D. Cal. May 19, 2025); *Carovillano v. Sirius XM Radio Inc.*, 715 F. Supp. 3d 562, 575 (S.D.N.Y. 2024).  Indeed, another court in this district recently suggested that "FDUTPA claims arise from Defendant's allegedly charging 'Taxes & Fees' on products that the Florida legislature has deemed tax-exempt" have merit have merit. *Martin v. Lens.com, Inc.*, No. 24-CV-60489, 2024 WL 4826048, at *8 (S.D. Fla. Nov. 19, 2024) (holding that applying another state's law where a "Defendant admittedly raked in millions of dollars in taxes on tax-exempt products sold to thousands of Floridians" would not be in "the interest of justice.").

9.      For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers from Defendant's website, https://wanderu.com/, for actual damages, reasonable attorneys' costs and fees, and injunctive relief under Fla. Stat. § 501.204.

<u>**JURISDICTION AND VENUE**</u>

10.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 class

members, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

11.     Venue is proper in this district pursuant to CPLR 503 because Plaintiff resides in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

12.     This Court has personal jurisdiction over Defendant because the wrongful conduct against Plaintiff occurred in this District.

## PARTIES

13.     Plaintiff Joshua Zambrano is an individual consumer who, at all times material hereto, was a domiciliary of Homestead, Florida.  Plaintiff purchased a roundtrip ticket from Miami, Florida to Orlando, Florida on or about November 16, 2023 through Defendant's website, https://www. wanderu.com/.  The transaction flow process he viewed on Defendant's website was substantially similar to that as depicted in Figures 1 through 5, and Figure 18 in this Complaint.

14.     Defendant Wanderu, Inc. is a Delaware corporation with its principal place of business in Boston, Massachusetts.    Defendant owns and operates the website, https://wanderu.com/.

## RELEVANT FACTUAL ALLEGATIONS

15.     When a person visits Defendant's website, https://www.wanderu.com/, on the main page, he can search departure and destination locations and dates.   *See* Figure 1, next page.



**Figure 1**

16.     After a consumer searches their departure and destination location and date, he is taken to a screen which provides a list of transportation options.  *See* Figure 2.



**Figure 2**

17.     After a consumer selects the time and mode of transportation he wishes to purchase tickets for, he is shown a confirmation of that selection.  *See* Figure 3.  Notably, the price of the ticket does not include any additional fees.  *Id.*



**Figure 3**

18.     After the consumer clicks the "Book" button, he is presented with a page prompting him to input his contact information and the passenger details.  *See* Figure 4, next page.  On this page, for the first time, Defendant reveals that it charges $10.00 in "Taxes & fees."  *Id.*  From this point, the consumer can continue clicking the red buttons to complete his purchase, inputting his payment information, never knowing that Wanderu is violating Florida law with its ticket pricing practices.



**Figure 4**

19.     If the consumer hovers over the "i" information mark to inquire about the purpose of the "Taxes & fees," Wanderu explains that the "Taxes & fees" "covers any applicable taxes, reservation fees, and, if charged, carrier fees." *See* Figure 6.   But it never gives consumers a breakdown.



**Figure 5**

20.     This language implies that some of "Taxes & fees" are charged by the government. They are not.

21.     If a consumer looks to purchase the very same bus or train ticket for the very same route at the very same time from the common carrier directly, they are quoted a price without any taxes. *See* Figure 6, next page; *see also* Figure 7, next page (showing comparison between Wanderu and Red Roach).



**Figure 6**

**Total Cost quoted from Wanderu**          **Total Cost quoted from Red Coach**



**Figure 7**

22.      In the above example, it shows that Red Coach only charges a $7.00 Service fee and no taxes. Whereas Wanderu quotes customers $10.00 in "Taxes & Fees." This means it charges $3.00 in its own fees above and beyond what the carrier charges.

23.      Worse still, to make the fees appear smaller than they are, for other common carriers like Greyhound, *it hides the fees charged by the carrier into the admission ticket price itself.*

*Compare, e.g.*, Figure 8, displaying a Greyhound Bus ticket sold by the original seller for $68.98, including Greyhound's $3.99 "Service Fee," *with* Figure 9, displaying a Greyhound Bus ticket sold by Wanderu for $72.98, including an additional $4.00 in "Taxes & fees" charged by Wanderu.



**Figure 8**



**Figure 9**

**Total Cost quoted from Wanderu**      **Total Cost quoted from Greyhound**



**Figure 10**

24.     The same is true across other common carriers like Flixbus. *Compare* Figures 11,

displaying the same ticket sold by FlixBus with only one $3.99 fee for $44.98 total, *with* Figure

12 displaying a FlixBus ticket resold by Wanderu with the FlixBus fee included in the base price

and an additional $3.00 Wanderu fee.



**Figure 11**



**Figure 12**

**Total Cost quoted from Wanderu**                    **Total Cost quoted from FlixBus**



**Figure 13**

25.     Sometimes, the common carrier does not charge its own fees. Wanderu nevertheless tacks on its own fees, and pins responsibility on the fees on the government and other carriers. *Compare* Figure 14, next page, displaying an Amtrak ticket by original seller with no fees, *with* Figure 15, same ticket sold by Wanderu with a $5.00 fee.



**Figure 14**



**Figure 15**

**Total Cost quoted from Wanderu**     **Total Cost quoted from Amtrak**



**Figure 16**

13

26.     The same is true for Jet Set Express. *Compare* Figure 17, displaying a Jet Set Express ticket by original seller with no fees, *with* Figure 18, same ticket sold by Wanderu with a $5.00 fee.[1]



**Figure 17**



**Figure 18**

---

[1] For tickets sold by Jet Set Express, the original seller rounds up the ticket price to the nearest whole dollar, whereas Wanderu uses the original price and adds its $3.00 fee on top.

27.     As all these examples illustrate, *none* of the common carriers charge *any taxes for fares* passing through the State of Florida. In fact, on June 27, 2016, the Florida Department of Revenue issued Technical Assistant Advisement 16A-009, which expressly clarified that "transportation service is not subject to tax" under the "Florida Sales and Use Tax." *See* https://floridarevenue.com/TaxLaw/Documents/16A-009.pdf. The Department of Revenue explained that "[a] nontaxable service transaction may include the transportation of an individual from one point to another." *Id.*

28.     And yet Wanderu nevertheless quotes consumers its fee under the misleading heading "Taxes & fees" to false pin the responsibility for these junk fees on the government and common carriers rather than Wanderu itself. In other words, Wanderu consistently charges well above the $1.00 limit in its own fees on the tickets it resells and misrepresents that the government is charging taxes on these fares when it is not.

## FLORIDA'S RESALE OF TICKETS LAW

29.     Effective June 29, 2010, Florida enacted a statute, which provides that "[a] person or entity that offers for resale or resells any ticket may charge only $1 above the admission price charged therefor by the original ticket seller of the ticket for the following transactions: (a) Passage or accommodations on any common carrier in this state. However, this paragraph does not apply to travel agencies that have an established place of business in this state and are required to pay state, county, and city occupational license taxes."  Fla. Stat. Ann. § 817.36(1)(a).

30.     By violating Florida's Resale of Tickets Law, Defendant has violated Florida's Deceptive And Unfair Trade Practices Act ("FDUTPA"), which provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Fla. Stat. Ann. § 501.204.

31.     The FDUTPA provides that a violation may be based upon "any law, statute, rule, regulation, or ordinance" which proscribes such conduct in trade or commerce. Fla. Stat. Ann. § 501.203(3)(c).

## CLASS REPRESENTATION ALLEGATIONS

32.     Plaintiff seeks to represent a class defined as all individuals who purchased tickets from Defendant's website, https://www.wanderu.com/, and paid an excess of more than $1.00 in Wanderu's "Taxes & fees" (the "Class") for a route to, from, within, or through the State of Florida.  Excluded from the Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

33.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class are at least in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

34.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant charged more than $1.00 above the original ticket sellers' price in violation of Florida's Resale of Tickets Law, Fla. Stat. Ann. § 817.36(1)(a).

35.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's unlawfully excessive "Taxes & fees" charged on bus and train tickets to, from, within, and through the State of Florida.

36.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

37.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FIRST CAUSE OF ACTION
### Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA")
### (Fla. Sta. Ann. § 501.204)
### (On Behalf Of Plaintiff And The Class)

38.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

39.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

40.     Defendant violated Florida's Deceptive And Unfair Trade Practices Act ("FDUTPA") by violating Florida's Resale of Tickets Law.  The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. Ann. § 501.204.

41.     The FDUTPA provides that a violation may be based upon "any law, statute, rule, regulation, or ordinance" which proscribes such conduct in trade or commerce. Fla. Stat. Ann. § 501.203(3)(c).

42.     Defendant violated Florida's Resale of Tickets Law, Fla. Stat. Ann. § 817.36(1)(a), by charging more than $1.00 above the original ticket sellers' price on its bus and train resale tickets that originate or end in the State of Florida, or pass through or occur entirely within the State of Florida, as depicted in Figures 1 through 18 of this Complaint.

43.     Defendant resells tickets that offer "[p]assage or accommodations on … common carrier[s] in this state."  Fla. Stat. Ann. § 817.36(1)(a).  Defendant resells bus and train tickets from numerous companies, including Flix Bus, Greyhound, Jet Set Express, RedCoach, Tornado Bus, Brightline, and Amtrak.  Defendant resells tickets for buses and trains that originate in Florida, end in Florida, pass through Florida, and depart and arrive within Florida.  Defendant is not a "travel agenc[y] that ha[s] an established place of business in this state and [is] required to pay state, county, and city occupational license taxes."  Fla. Stat. Ann. § 817.36(1)(a).

44.     Defendant also violated the FDUTPA by informing consumers that the "Taxes & fees" "covers any applicable taxes, reservation fees, and, if charged, carrier fees" and that "[s]ome carriers don't charge extra fees" when the "Taxes & fees" never cover any "taxes" and impose fees even when the original carrier did not charge fees.

45.     On or about November 16, 2023, Plaintiff purchased two round-trip tickets from

Miami to Orlando from Defendant's website and was forced to pay Defendant's "Taxes & fees," totaling $5.00 more than the cost of the tickets by the original seller.  Plaintiff was harmed by paying these Taxes & fees because the total cost included fees that exceeded $1.00 per ticket and, is therefore unlawful pursuant to Florida's Resale of Tickets Law.

46.     Plaintiff was also harmed by paying these Taxes & fees because the Taxes & fees only include fees, and, is therefore unlawful pursuant to the FDUTPA.

47.     Plaintiff was also harmed by paying these Taxes & fees because Defendant informed Plaintiff that the fees included carrier fees "if charged" and that "some carriers don't charge fees," and, is unlawful pursuant to the FDUTPA because the original carrier, Jet Set Express, does not charge fees.

48.     By misleading the purpose and truth about its fees, Defendant was able to reduce price competition and cause consumer harm to individuals like Plaintiff.

49.     At the time Plaintiff purchased his tickets, he was not aware that Defendant's fees were unlawful under the FDUTPA.  He was not browsing websites in search of legal violations. Instead, Plaintiff was browsing Defendant's website because he sincerely intended to purchase bus tickets, and he did, in fact, purchase those tickets.

50.     On behalf of himself and members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages and reasonable attorneys' fees, and any other relief the Court deems proper under the FDUTPA.

**COUNT II**
**Unjust Enrichment**
**(On Behalf Of Plaintiff and The Class)**

51.     Defendant charged and collected a higher amount in Taxes & fees than the correct amount allowed on tickets resold by Defendant on its website because the Taxes & fees exceeded

19

$1.00 beyond the total amount of the ticket sold by the original seller.

52.     Defendant has been unjustly enriched in that it received and retained the benefit of funds to which it was not entitled and received in violation of Florida law.

53.     Said funds were conferred on Defendant by Plaintiff and the Class members under a mistake of fact due to Defendant's misrepresentations, and unlawfully obtained to the detriment of Plaintiff and the Class members.

54.     Defendant's retention of these funds is unjust because Defendant misrepresented the purpose of the fees, and collected more fees than allowed under Florida law.

55.     Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

56.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class for their unjust enrichment, as ordered by the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

(b)     For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and
expenses and costs of suit.

### JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on

any and all claims so triable.

Dated: August 8, 2025                              Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:   */s/ Eleanor R. Grasso*
         Eleanor R. Grasso

Philip L. Fraietta (*pro hac vice* forthcoming)
Eleanor R. Grasso (State Bar No. 1065456)
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  pfraietta@bursor.com
           egrasso@bursor.com

Stefan Bogdanovich (*pro hac vice*
forthcoming)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*